**Sobers Law, PLLC**
Attorneys for Debtor
11 Broadway, Suite 615
New York, New York 10004
(917) 225-4501

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Chapter 11

ARON Z. LAX,

Case No.: 25-45855

Debtor.
-----------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO CREDITOR'S MOTION TO LIFT STAY PURSUANT TO 11 U.S.C. §362(d)(1)**

VIVIAN SOBERS, ESQ., an attorney duly admitted to practice in the State of New York hereby alleges as follows:

ARON Z. LAX, the above-captioned debtor and debtor in possession (the "Debtor") through its counsel Sobers Law, PLLC, files this Opposition to Secured Creditor, *Cenlar FSB, as servicer for CitiMortgage, Inc.* ("Creditor" or "Citi") for the entry of an order, pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor's property with respect to the real property 1151 42nd Street, No. 3, Brooklyn, NY 11219 (the "Property").

**PROCEDURAL and FACTUAL HISTORY**

The Debtors filed voluntary petition for relief under chapter 1 of the Bankruptcy Code on December 5, 2025 (the "Petition Date"). The Debtor has continued in possession of their property as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.

**CITI HAS NOT PROVEN HAS NOT PROVEN CAUSE TO LIFT THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1)**

Under 11 U.S.C. §§362(d)(1) allows the lifting of the automatic stay to continue the foreclosure sale of the Property. Section 362(d) provides in pertinent part: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; §362(d)(1). The Bankruptcy Code does not define "adequate protection." Section 361 provides other examples of adequate protection, such as equity cushions or providing a replacement lien, or granting such other relief.

The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. In re Sonnax Industries, Inc., 907 F. 2d 1280, 1285 (2nd Cir. 1990)

In considering whether a creditor has demonstrated cause, a court considers a "non-exclusive list of factors" identified by the Second Circuit Id. A 1286. Those factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success

in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

The claims by Citi have a clear connection with the bankruptcy case as it affects the bankruptcy estate and its reorganization given the value of the property and the potential for other claims against the estate.

The Debtor's Property has a value of $1.7 Million Dollars (*See*, Appraisal, Exhibit "A"), on the other hand Citi's Proof of Claim has stated a claims for $751,040.26 (*See,* Claims Register, Exhibit "B")

There are no special tribunals as the foreclosure was handled by the Supreme Court, Kings County, however, litigation in another forum like the Supreme Court would prejudice the interest of other creditors. By taking this Property wholly out of the Debtor's estate, the Debtor is being robbed of any ability to reorganize the Debtor's creditors.

The Debtor has claims from the IRS that must be taken care of and cannot be ignored. The reorganization would allow the Debtor to likely satisfy Citi in full and deal with the tax debt from the IRS. The Supreme Court is not the venue to handle both the foreclosure and the tax debt. Only the Bankruptcy Court can do that.

As for the interests of judicial economy and the expeditious and economical resolution of litigation, as a practical matter all of the debtors assets and liabilities are already under the jurisdiction of the bankruptcy court, separating such a valuable part of the Debtor's estate would disrupt the Chapter 11 process.

The Debtor should be given some chance to reorganize, allowing the consideration of the plan within a reasonable time. Doing so would allow the Debtor to successfully reorganize. As such, Citi's Motion to Lift Stay, should be denied in its entirety.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, denying Creditors Motion for Lift of the Stay in its entirety and grant such other and further relief as may be just and proper.

Dated: New York, New York
May 1, 2026

Respectfully submitted,

**SOBERS LAW, PLLC**

By: /s/ Vivian Sobers
Vivian C. Sobers (vs7129)
11 Broadway, Suite 615
New York, New York 10004
Telephone: (917) 225-4501
Email: vsobers@soberslaw.com